FILED
CLERK, U.S. DISTRICT COURT

27 MAR 01 AM 9:11

DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

WAYNE KLEIN (#3819)
Assistant Attorney General
MARK L. SHURTLEFF (#4666)
Utah Attorney General
**Attorneys for State of Utah**
160 East 300 South, 5th Floor
Box 140872
Salt Lake City, UT 84114-0872
Telephone (801) 366-0358
Facsimile (801) 366-0315

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KENNECOTT UTAH COPPER CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>NUCOR CORPORATION, et al.,<br><br>    Defendants. | **MEMORANDUM IN SUPPORT OF THE STATE OF UTAH MOTION FOR DEFAULT JUDGMENT AGAINST:**<br><br>**GS INDUSTRIES, INC.**<br>**GST STEEL COMPANY** |
| THE STATE OF UTAH,<br><br>    Plaintiff,<br><br>vs.<br><br>NUCOR CORPORATION, et al.,<br><br>    Defendants. | Civil No. 2:01 CV 0062C<br>Magistrate Judge Boyce |

In support of its Motion for Default Judgment under F.R.C.P. 55, the STATE OF UTAH submits the following:



**Service of Process**

This proceeding was initiated on February 13, 2001 with the filing of a complaint by the State of Utah against GS INDUSTRIES, INC. and GST STEEL COMPANY, among other defendants. On March 13, 2001, Judge Campbell granted the State's motion to consolidate its separate case (originally 2:01 CV 0106) with the instant action.

Defendants GS INDUSTRIES, INC. and GST STEEL COMPANY were served with copies of the summons and complaint in the State of Utah's action pursuant to the provisions of Utah Code Ann. §16-10a-504(3)(a). Service was received by mail by defendants on February 21, 2001.

There has been no answer filed or notice of appearance by counsel on behalf of these defendants. Default was requested from the Clerk of the Court on March 23, 2001.

**Effect of Bankruptcy Proceeding**

On February 28, 2001, counsel for Moly-Cop Chile, S.A. (a defendant in this action and a wholly owned subsidiary of defendant GS INDUSTRIES, INC.) filed with the Court a Notice of Automatic Stay and a copy of the bankruptcy petitions filed in North Carolina by GS INDUSTRIES, INC. and GS Technologies Operating Co., Inc. d/b/a GST STEEL COMPANY on February 7, 2001. Counsel for Moly-Cop indicated that it was filing the Notice of Automatic Stay and the bankruptcy petitions as a convenience to the court and not as counsel for either of the companies in bankruptcy.

Under 11 U.S.C. §362(a) the automatic stay does prevent the commencement or continuation of most judicial proceedings against the debtor. However, there are exceptions.

2

Section 362(b) provides that the filing of a bankruptcy petition "does not operate as a stay - . . . (4) . . . of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment . . . ."

By letter dated February 28, 2001, counsel for Moly-Cop provided the State of Utah with a copy of the Notice of Automatic Stay and the bankruptcy petitions being filed with this Court by Moly-Cop. Moly-Cop's counsel requested in that letter that if the State of Utah disagreed with his understanding that the automatic stay in bankruptcy precluded further action by the State, he should be notified "so I can inform legal counsel for those entities of your position." On March 5, 2001, the State of Utah notified counsel for Moly-Cop of the State's opinion that the automatic stay provisions did not bar the State from continuing this action against the entities in bankruptcy.

Since that time, the State of Utah has not been contacted by counsel representing GS INDUSTRIES, INC. or GST STEEL COMPANY in this injunctive action and the State has not be served with any notice of appearance or any answer or other pleadings.

**The Governmental Exemption from the Automatic Stay Provisions**

Attempts to argue that the governmental exception from the automatic stay under §362(b)(4) is constrained by the automatic stay's protection of the debtor's property under §362(a)(3) and (4) have generally failed. Two tests are used to determine whether the governmental action is subject to the automatic stay. Both tests are designed to evaluate whether the governmental action is protecting pecuniary interests or public interests. If the latter, the stay

will not apply.

In *Eddleman v. U.S. Dept. of Labor*, 923 F.2d 782 (10th Cir. 1991) the district court had ruled that "regulatory laws that conflict directly with control of the res or property by the Bankruptcy Court are not excepted by §362(b)(4)." *Id.* at 790. The Tenth Circuit disagreed, saying "we reject the district court's conclusion that the 362(b)(4) exception does not apply to government actions that conflict with the bankruptcy court's control over assets of the debtor. The language of section 362(b)(4) contains no such limitation." *Id.*

The court discussed the two primary tests, explaining that under the "pecuniary purpose" test, if the "government's proceeding relates primarily to the protection of . . . matters of public policy" the action is excepted from the stay. *Id.* at 791. The "'public policy' test distinguishes between governmental proceedings aimed at effectuating public policy and those aimed at adjudicating private rights." *Id.* Actions aimed at effectuating public policy are not stayed.

In that case, the Tenth Circuit held that actions by the Department of Labor seeking "debarment and liquidation of back-pay claims was primarily to prevent unfair competition in the market" and were exempt from the stay under either of the two tests. *Id.*

Similarly, in 1997, the Colorado Public Utilities Commission was permitted to reduce the number of taxi cab licenses issued to a company in bankruptcy. *In re Yellow Cab Co-Op. Ass'n*, 132 F.3d 591 (10th Cir. 1997). The court held "the PUC's action was a valid exercise of its regulatory power and, as such, was exempt under 11 U.S.C. §362(b)(4) and (5) from the

4

automatic stay provisions of the Bankruptcy Code." *Id.* at 593.[1]

In the instant case, the State of Utah is not seeking monetary damages from defendants. Its only goal is the prevention of an asset sale that would grant monopoly power to defendants GS INDUSTRIES, INC. and GST STEEL COMPANY and their subsidiaries and affiliates. The government has no pecuniary interest in the transaction at issue, but is enforcing public policy as expressed by the U.S. Congress, the Utah Legislature, and the Utah Constitution.[2] Moreover, this action is not seeking to adjudicate private rights, but is effectuating declared public policies against monopolization.

---

[1] The court also analyzed the issue using the pecuniary purpose and the public policy tests.

[2] It is the policy of the state of Utah that a free market system shall govern trade and commerce in this state to promote the dispersion of economic and political power and the general welfare of all the people. Each contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is prohibited. . . .

UTAH CONST. art. XII, § 20.

The Utah Antitrust Act contains a declaration of legislative intent:

The Legislature finds and determines that competition is fundamental to the free market system and that the unrestrained interaction of competitive forces will yield the best allocation of our economic resources, the lowest prices, the highest quality and the greatest material progress, while at the same time providing an environment conducive to the preservation of our democratic, political and social institutions.

Utah Code Ann. §76-10-912 (2000).

5

**Conclusion**

Service of process upon defendants GS INDUSTRIES, INC. and GST STEEL COMPANY was proper. Both defendants have failed to make an appearance through counsel or otherwise answer or defend this action.

The injunction sought by the State should be granted, despite the companies's filing of bankruptcy petitions as the automatic stay provisions are not applicable to governmental enforcement actions, such as this one, which seek to carry out public policy objectives.

DATED This 27th day of March, 2001

*Wayne Klein*

WAYNE KLEIN
Assistant Attorney General
Attorney for Plaintiff, State of Utah

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 27th day of March 2001, copies of the proposed Default, Motion for Default Judgment, Memorandum in Support of Motion for Default Judgment, and a proposed Final Judgment by Default were mailed to the following:

Raymond Etcheverry
Mark Glick
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Counsel for Plaintiff Kennecott

Clark Waddoups
PARR WADDOUPS BROWN GEE & LOVELESS
185 South State Street, Suite 1300
Salt Lake City, UT 84111
Counsel for Defendant Nucor

GS Industries, Inc.
GST Steel
1901 Roxborough Road, Suite 200
Charlotte, NC 28211

Richard K. Schell
Parker, Poe, Adams & Bernstein
Three First Union Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202

Mark James
Hatch & James
10 West Broadway, Suite 400
Salt Lake City, UT 84101
Counsel for Moly-Cop Chile, S.A.

7