

FILED
CLERK, U.S. DISTRICT COURT
-4 APR 01 PM 3: 40
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Attorneys for Moly-Cop Chile, S.A.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KENNECOTT UTAH COPPER CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NUCOR CORPORATION, GS INDUSTRIES, INC., GS INDUSTRIES DBA GST STEEL COMPANY, and MOLY-COP CHILE, S.A.,<br><br>Defendants. | **ANSWER OF DEFENDANT MOLY-COP CHILE, S.A. and SEPARATE DEFENSES**<br><br>Case No. 2:01 CV 0062 TC<br>Magistrate Judge Ronald Boyce<br><br>Judge Tena Campbell |

Moly-Cop Chile, S.A. ("Moly-Cop"), without waiving its objections to the Court's personal jurisdiction over it, responds to the numbered paragraphs of Plaintiff Kennecott Utah Copper Corporation's ("Kennecott") Complaint in the lawsuit as follows:

1. Denies, except as to the allegation set forth in the first sentence of paragraph 1, to which Moly-Cop states that it is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in that sentence and on that basis denies each and every allegation of that sentence (hereafter "Denies for Lack of Knowledge").

2. Denies.

3. Denies.

4. Denies for Lack of Knowledge.

5. Denies for Lack of Knowledge.

6. Denies for Lack of Knowledge.

7. Admits.

8. Denies.

9. Admits.

10. Denies.

11. Denies, except admits that other than GSI and Nucor, there are no other suppliers of Large Forged Steel Grinding Balls in the United States.

12. Denies for Lack of Knowledge.

13. Denies for Lack of Knowledge, except admits that GSI has not taken possession of the Nucor Asserts and they remain in Nucor's possession at Nucor's Utah facilities.

14. Denies.

15. Denies.

16. Paragraph 16 purports to set forth a legal conclusion and therefore requires no response.

17. Paragraph 17 purports to set forth a legal conclusion and therefore requires no response.

18. Paragraph 18 purports to set forth a legal conclusion and therefore requires no response.

19. Paragraph 19 purports to set forth a legal conclusion and therefore requires no response.

20. Denies.

21. Denies, except admits that Moly-Cop has manufactured or does manufacture Large Forged Steel Grinding Balls that are used in the mining industry; that such balls are one type of grinding media used in the milling process of various ores; and does not deny Kennecott's description regarding the manner in which the grinding media are used.

22. Denies.

23. Denies..

24. Denies for Lack of Knowledge.

25. Denies.

26. Denies for Lack of Knowledge.

27. Denies.

28. Denies.

29. Denies; Denies for lack of Knowledge the allegations contained in subparagraph (a); and denies the allegations contained in subparagraph (b), except admits the first two sentences of subparagraph (b)..

30. Denies.

31. Denies.

32. Denies.

33. Denies for Lack of Knowledge.

34. Denies.

35. Denies.

36. Denies.

37. Denies.

38. Denies.

39. Denies.

40. Denies, except admits that Kennecott is a direct purchaser of Large Forged Steel Grinding Balls.

41. Denies (including subparagraphs (a) and (b)).

42. Denies (including subparagraphs (a), (b), and (c)).

43. Denies.

### FIRST SEPARATE DEFENSE

44. Moly-Cop denies each and every allegation contained in Plaintiff's Complaint that Moly-Cop does not expressly admit herein.

### SECOND SEPARATE DEFENSE

45. The Court lacks personal jurisdiction over Moly-Cop.

### THIRD SEPARATE DEFENSE

46. Kennecott's Amended Complaint fails to state a claim against Moly-Cop.

### FOURTH SEPARATE DEFENSE

46. Kennecott's claim is are barred by the doctrine of unclean hands.

### FIFTH SEPARATE DEFENSE

47. Kennecott's claims are barred by the doctrine of unclean hands.

### SIXTH SEPARATE DEFENSE

48. Kennecott's claim is barred because the businesses of the GSI defendants are failing and the transaction at issue constitutes a reasonable business transaction under the relevant circumstances.

### SEVENTH SEPARATE DEFENSE

49. Kennecott's claims are barred by the doctrine of mootness.

### EIGHTH SEPARATE DEFENSE

50. Moly-Cop does not waive, and it expressly reserves, its right to amend its Answer to assert other defenses that may be discovered in the context of this lawsuit.

WHEREFORE, Moly-Cop requests that Kennecott's amended complaint be dismissed with prejudice and on the merits and that Moly-Coop receive such relief as is just, including its costs, attorneys' fees (pursuant to Section 16 of the Clayton Act (15 U.S.C. § 26), and other relief that the Court deems just.

DATED this 4 day of April, 2001.

Hatch, James & Dodge

By: _____
Mark F. James
Attorneys for Moly-Cop Chile, S.A.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served on the following in the method indicated this 4 day of April, 2001:

Raymond Etcheverry          (By first class mail, postage prepaid)
David G. Mangum
Mark A. Glick
Catherine Agnoli
Parsons, Behle & Latimer
One Utah Center
201 South Main Street, Suite 1800
P.O. Box 45898
Salt Lake City, Utah  84145-0898

Clark Waddoups              (By first class mail, postage prepaid)
Stephen E.W. Hale
Parr, Waddoups, Brown, Gee & Loveless
185 South State Street, Suite 1300
Salt Lake City, Utah  84111

Wayne Klein                 (By first class mail, postage prepaid)
Attorney General
160 East 300 South, 5th Floor
Box 140872
Salt Lake City, Utah  84114-0872

*/s/ Mark F. James*
6