FILED RECEIVED CLERK
-3 MAY 01 PM 1:38   APR 27 2001
DISTRICT OF UTAH   U.S. DISTRICT COURT
BY: _____
DEPUTY CLERK

Raymond J. Etcheverry
David G. Mangum
Mark A. Glick
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
PO Box 45898
Salt Lake City, Utah 84145-0898

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DIVISION, DISTRICT OF UTAH

| | |
|---|---|
| KENNECOTT UTAH COPPER CORPORATION, a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> GS INDUSTRIES, INC., a Delaware corporation; et al. <br><br> Defendants. | **STIPULATED PROTECTIVE ORDER** <br><br><br> Case No. 2:01CV-0062 ST <br><br><br><br> Magistrate Judge Ronald Boyce |
| THE STATE OF UTAH, <br><br> Plaintiff, <br><br> vs. <br><br> GS INDUSTRIES, INC., a Delaware corporation, et al., <br><br> Defendants. | |

Plaintiff Kennecott Utah Copper Corporation ("Kennecott") and defendant Moly-Cop Chile,

S.A., by and through their counsel of record, hereby stipulate and agree as follows, and jointly move

that the following Protective Order be entered by the Court in the above-captioned proceeding ("Proceeding").

IT IS HEREBY ORDERED that the following Protective Order is entered:

IT IS ORDERED that the following terms and conditions shall govern the use of "Confidential Information" (defined below) that may be produced by any party, witness, or other individual in this Proceeding.

1. ***Definitions***. As used herein, the following terms shall have the following meanings:

   a. The term *"documents"* shall include all documents, tangible things, drawings, graphs, charts, photographs, writings and recordings consisting of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photography, magnetic impulse, mechanical or electronic recording, any other form of data compilation, still photographs, video tapes and motion pictures (in any medium and however recorded).

   b. The term *"testimony"* shall include all testimony given by any witness through affidavit or at any deposition or hearing in the Proceeding and any transcript, videotape or other recording of any such testimony given by or on behalf of the *"parties,"* or a non-party to this Proceeding.

   c. The term *"information"* shall include any information contained in or derived, in whole or in part, from documents or testimony or discovery responses of the parties, or information orally disclosed by any of the parties.

   d. The term *"Proceeding"* shall mean the above-captioned Proceeding.

e. The terms "*party*" or "*parties*" shall include only parties named as plaintiff or defendant in this Proceeding and their employees, officers, directors and representatives.

2. All documents, testimony and information produced or disclosed by any party or non-party during the course of this Proceeding and designated as "Confidential" in accordance with paragraphs 3 and 4 of this Protective Order (collectively referred to as "Confidential Information"), shall be used solely for purposes of this Proceeding and shall be used strictly in accordance with this Protective Order. No Confidential Information and no extracts or summaries derived from Confidential Information shall be disclosed to, exhibited to, or discussed with, any person or entity, except as expressly provided in this Protective Order.

3. If any party or non-party believes that documents, testimony, or information produced or disclosed in connection with this Proceeding constitutes or contains Confidential Information, that party or non-party may specifically designate the document, transcript, or information as Confidential Information in accordance with the following provisions:

a. Documents or other tangible material produced or disclosed may be designated confidential by stamping the first page of a document "*Confidential*" at the time of production or by contemporaneous or subsequent written communication, delivered or mailed to the other party, which specifically identifies the document or materials in question.

b. Testimony may be designated confidential by requesting confidential treatment either (i) on the record, or (ii) by written communication delivered or mailed to the other party. If confidential treatment is requested, the court reporter shall mark the face of the transcripts containing the designated testimony "*Confidential*."

c. Information contained in or derived, in whole or in part, from discovery responses of the parties or a non-party shall indicate in the party's or non-party's transmission the portion or portions that constitute Confidential Information or may be designated as such by a subsequent written communication delivered or mailed to the other party, which specifically identifies the document or materials in question.

d. Information provided orally may be designated Confidential Information by requesting confidential treatment either (i) orally at the time of disclosure; or (ii) by written communication mailed to the other party, which specifically identifies the oral information in question.

4. The party or non-party producing the documents or information or giving testimony may designate that document, information or testimony as Confidential Information. In addition, a party in possession of an unmarked duplicate of a document designated by the other party as Confidential shall treat such document as Confidential Information.

5. All Confidential Information that is filed in the Proceeding and any pleadings, motions, discovery responses or other papers filed in the Proceeding containing or disclosing any Confidential Information, shall be filed with the Court under seal as provided for in paragraph 9 and kept under seal until further order of the Court. Only those portions of the pleadings which contain Confidential Information need be filed under seal as provided in paragraph 9.

6. Unless otherwise ordered by the Court, or agreed to in writing by the parties, Confidential Information shall only be used for the purposes of this Proceeding, and shall only be revealed to the following individuals and to those individuals identified in paragraph 7 as provided

therein on a need-to-know basis after they have read or been informed about this Protective Order and signed an agreement to be bound by this Protective Order as provided in paragraph 7.

    a.    To representatives of the parties;

    b.    Counsel to the parties (including in-house counsel);

    c.    Staff and employees of counsel who are necessary for the conduct of the party's case and clerical persons hired by counsel to assist in the preparation of this Proceeding (e.g., photocopy services);

    d.    The Court in accordance with paragraph 11;

    e.    The court reporter who is present at or who transcribes a deposition or a hearing during which Confidential Information is disclosed; and

    f.    Outside experts, consultants, witnesses and potential witnesses retained by such counsel in accordance with paragraph 7.

7.    If counsel or a party deems it necessary for the purposes of the Proceeding to disclose Confidential Information to outside experts or consultants, or any witness or potential witness, counsel shall first obtain from each such outside expert, consultant, witness or potential witness a confidentiality agreement in the form of Exhibit A attached hereto (hereinafter "Acknowledgment Forms") pursuant to which each such person agrees to keep such Confidential Information confidential, to be bound by the terms of this Protective Order, to use such Confidential Information for no purpose other than rendering assistance in the Proceeding to counsel by whom they have been retained, and to return all Confidential Information to counsel by whom they have been retained upon the completion of the consultation and to retain no copies of any Confidential Information.

8. All counsel shall keep on file Acknowledgment Forms signed by experts or consultants retained by them or signed by witnesses. At the conclusion of this Proceeding any individual or party who has produced Confidential Information may receive copies of all Acknowledgment Forms on file with counsel for a party and the names of all outside experts and consultants given access to the Confidential Information produced by the individual or party upon written request.

9. In the event that counsel or any party files or submits to the Court documents, information or testimony containing any Confidential Information or information derived from Confidential Information, or any papers containing any Confidential Information, such documents, information, testimony or other materials shall be filed in a sealed envelope on which a statement substantially in the following form shall be endorsed:

### CONFIDENTIAL

*This envelope contains information that is subject to a Protective Order entered by the Court in this Proceeding.*

Where practicable, only those portions of papers filed with the Court containing Confidential Information will be filed under seal.

10. Any party may remove from the scope of this Protective Order any Confidential Information that such party previously had designated as Confidential Information by written notification to the other party unless such Confidential Information has also been designated by the other party as Confidential Information as provided herein.

11. In the event that any party disagrees with the designation by the other party of a document, testimony or information as Confidential Information, the parties shall attempt in good

faith to resolve the dispute informally. If the parties cannot resolve the dispute informally, any party may seek appropriate relief from the Court by filing a motion and submitting said documents to the Court (using the procedures set forth in paragraph 9). The party that has designated the document, testimony or information as Confidential Information shall have the burden to demonstrate that the document, testimony or information should be regarded as Confidential Information. All documents testimony or information designated as Confidential Information shall be treated as such unless and until the Court orders otherwise. Acceptance of documents, testimony or information designated as Confidential Information does not constitute a waiver by the party receiving said document, testimony or information from challenging such designation.

12. If a person, entity or governmental agency requests, subpoenas or orders production of Confidential Information or requires testimony regarding Confidential Information that a party has obtained subject to the terms of this Protective Order, such party shall immediately provide written notice to the party that designated the Confidential Information which is the subject of such request, subpoena or order, and shall notify the person, entity or governmental agency requesting the Confidential Information that the requested information is subject to this Protective Order, which prohibits disclosure of the Confidential Information. If the designating party objects to disclosure pursuant to any such request, subpoena or order, no disclosure shall be made absent an order of the Court.

13. The inadvertent production of any document or information in this Proceeding shall be without prejudice to any claim that such material is Confidential Information, privileged or protected from discovery as work product and no producing party shall be held to have waived any rights by such inadvertent production. Upon discovery that it has produced inadvertently a

document or information that is subject to the attorney-client privilege and/or the attorney work product doctrine, a producing person may request that the document and all copies be returned to it. All other parties must comply with the request unless, within ten days after receiving the request, they file with the Court a motion challenging the claim that the document is protected under the attorney-client privilege or the attorney work product doctrine, or challenging the claim that the production of the document or information was truly inadvertent. The burden of proving that the document is subject to the attorney-client privilege and/or the attorney work product doctrine shall be on the party asserting the privilege. The foregoing is not intended to minimize or restrict any party's rights under applicable law.

14. Except as provided otherwise in this paragraph 14, upon the final resolution of this Proceeding, including any appellate proceedings or expiration of the time allowed for any appeal, the originals and all copies of any Confidential Information held, as well as any copies, excerpts or submissions in proceedings, briefs or memoranda, except attorney work product, by any party other than the producing party, shall be returned to the producing party or destroyed. Counsel of record may keep one copy of any document, testimony or information filed with the Court containing Confidential Information, but the provisions of this Protective Order shall remain in effect with respect to those documents.

15. This Protective Order shall remain in force and effect until modified in writing by the parties or terminated by order of the Court. The parties may, by written stipulation, provide for modification of this Order. Such stipulations shall be filed with the Court. Any party, upon notice to all counsel of record, may seek an order of the Court modifying this Order. In the event that any Confidential Information is used during any deposition or at the hearing, it shall not lose its

confidential status through such use, and the parties shall take all reasonable measures as are necessary and appropriate to protect its confidentiality during such use. The parties will, prior to the hearing, alert the Court of Confidential Information to be used at the hearing. This Protective Order shall not prevent or preclude a party from applying to the Court for additional protection.

16. The termination of this Proceeding shall not relieve any person to whom any Confidential Information has been disclosed from the obligations of this Protective Order. The Court shall retain jurisdiction after the final disposition of this Proceeding for the purposes of any application to modify or enforce the provisions of this Protective Order.

DATED this 2nd day of May, 2001.

IT IS SO ORDERED:

_____
Magistrate Judge Ronald Boyce

STIPULATED AS TO CONTENT AND APPROVED AS TO FORM:

DATED this 24 day of April, 2001.

                PARSONS BEHLE & LATIMER
                Raymond J. Etcheverry
                David G. Mangum
                Mark A. Glick
                Catherine Agnoli

_____
Attorneys for Plaintiff Kennecott Utah Copper Corporation

HATCH, JAMES & DODGE
Mark F. James, Esq.

_____
Attorneys for Defendant Moly-Cop Chile, S.A.

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April, 2001, I caused to be mailed a true and correct copy of the foregoing by United States mail, first-class postage prepaid thereon, addressed to the following:

>Mark F. James, Esq.
>HATCH, JAMES & DODGE
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101
>
>Wayne Klein
>Assistant Attorney General
>Utah Attorney General's Office
>160 East 300 South
>Salt Lake City, Utah 84114-0872

*/s/ Kathleen Fetteringham*

NUCOR\PROTECTIVE ORDER.wpd(HJG)

-11-

## EXHIBIT A

I have been retained as an expert or consultant or have been approached as a witness or potential witness in *Nucor Corporation, et al. adv. Kennecott Copper Corporation*, Civil No. 2:01CV0062 ST ("Lawsuit"), by _____, counsel for _____.

I hereby acknowledge that I have read and that I understand the terms of the attached Protective Order in this Lawsuit. I agree to abide by the terms of the Protective Order and will keep confidential all documents and other information provided to me and all of the information contained therein pursuant to the terms of the Protective Order. I shall use such documents and information for no purpose other than rendering assistance to counsel in this matter and/or in conjunction with my testimony in this case. I will neither make nor retain copies of any Confidential Information subject to the Protective Order and will return any Confidential Information I receive to counsel after I have completed my assigned duties or upon request. I will notify any clerical or other personnel who may assist me of the terms of the Protective Order and obtain their written consent to be bound by its terms. I hereby submit to the jurisdiction of the United States District Court for the District of Utah, Central Division, for purposes of resolving any issues relating to the Protective Order.

_____
Name

_____
Date

```
                                                                    alt
                    United States District Court
                              for the
                         District of Utah
                          May 4, 2001


           * * CERTIFICATE OF SERVICE OF CLERK * *


Re:   2:01-cv-00062



True and correct copies of the attached were either mailed or faxed by the
clerk to the following:


         Mr. Raymond J Etcheverry, Esq.
         PARSONS BEHLE & LATIMER
         201 S MAIN ST STE 1800
         PO BOX 45898
         SALT LAKE CITY, UT  84145-0898
         JFAX 9,5366111

         R. Wayne Klein, Esq.
         UTAH ATTORNEY GENERAL'S OFFICE
         160 E 300 S
         PO BOX 140872
         SALT LAKE CITY, UT  84114-0872
         JFAX 9,3660315

         Brent O. Hatch, Esq.
         HATCH & JAMES
         10 W BROADWAY STE 400
         SALT LAKE CITY, UT  84101
         JFAX 9,3636666
```

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

## CHECKLIST FOR FILING DOCUMENTS UNDER SEAL

**HAVE YOU:**

- ☐ Placed your document in an unfolded envelope with a copy of the cover page of the document affixed to the outside of the envelope.

- ☐ Placed a notation on the coverpage affixed to the outside of the envelope that the document is "SEALED."

- ☐ Prepared a copy for the Judge as noted above.

- ☐ Differentiated the documents as to "original" and/or "copy."

*No document may be sealed unless accompanied by an order sealing the document, it is being filed in a case already under seal or it contains material under a protective order.*

*Unless otherwise ordered, the clerk will provide access to a sealed case or document only on court order.*